**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JEFFREY O'NEAL and
SHERRIE O'NEAL,

                          Plaintiffs,

v.                                              CIVIL ACTION NO.   5:16-cv-08597

RICHARD WISEN and
G. RUSSELL ROLLYSON, JR.,

                          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Memorandum in Support of Motion to Dismiss under FRCP 12(b) by Defendant, Richard Wisen* (Documents 11 & 13)[1] and the *Plaintiffs' Memorandum in Opposition to Defendant Richard Wisen's Motion to Dismiss for Lack of Jurisdiction* (Document 14), as well as the Plaintiffs' *Complaint* (Document 1).   For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs, Jeffrey O'Neal and Sherrie O'Neal, initiated this action by filing their complaint on September 6, 2016.   They named as Defendants Richard Wisen, and G. Russell Rollyson, Jr., individually and in his official capacity as the Deputy Commissioner of Delinquent and Nonentered Lands of Raleigh County, West Virginia.   The Plaintiffs assert that they owned a

---

1  The same one-page document was filed twice; no document labeled as a motion to dismiss appears on the docket.

home at 107 Jones Alley, Skelton, Raleigh County, West Virginia (Skelton property).   In late 2015, Mr. Wisen and Mr. Rollyson worked together to deprive them of their home.   The Plaintiffs assert that Mr. Wisen, on several occasions, has obtained tax deeds from Mr. Rollyson at low prices, and then attempted to re-sell the property to the prior owner for close to the fair market value.

The O'Neals' adult daughter, Jennifer Reynolds, and her children, lived in the Skelton property.   Ms. Reynolds made the mortgage payments, and the O'Neals agreed that the home would be given to her if she successfully paid off the mortgage.   Ms. Reynolds failed to pay the property taxes between 2012 and 2015, for a total amount due of approximately $1,320.   Mr. Rollyson, in his capacity as Deputy Commissioner, sold the property to Mr. Wisen for $400 on August 10, 2015.   Mr. Wisen applied for a tax deed to the Skelton property two months later.   On October 8, 2015, Mr. Rollyson certified a redemption notice form that Mr. Wisen had altered, which did not comply with statutory requirements.   That form stated that the O'Neals "had to pay the sheriff of Raleigh County '$1,353.65' before November 12, 2015 to redeem the home and avoid issuance of a tax deed to defendant Wisen."   (Compl. at ¶ 16.)   Mr. Wisen sent the form by certified and regular mail to Mr. and Ms. O'Neal, separately, at a Post Office box address, from which it was returned, marked "Return to Sender Unclaimed Unable to Forward" or "Return to Sender Not Deliverable as Addressed Unable to Forward."   (*Id.* at ¶¶ 19-20.)   Mr. Wisen made no additional attempts to contact the O'Neals, who assert that they would have paid the lawful redemption amount immediately.

Sometime after November 12, 2015, Mr. Wisen presented Mr. Rollyson with the mail marked undeliverable.   On December 8, 2015, Mr. Rollyson, acting with his authority as Deputy

Commissioner, issued a tax deed to Mr. Wisen.   The Raleigh County Clerk recorded the deed on December 23, 2015.   The O'Neals learned of the tax issue and Mr. Wisen's claimed ownership when he caused a hand-written "eviction notice" to be placed on the front door of the Skelton home in March 2016.   Mr. O'Neal spoke with Mr. Wisen to learn what had happened and attempt to regain ownership of the property.   On May 17, 2016, Mr. Wisen filed a complaint in Raleigh County Magistrate Court seeking possession of the Skelton property, wherein he claimed the occupants were unknown.   The Magistrate Court permitted service by publication.   Counsel for the Plaintiffs wrote Mr. Wisen, arguing that the tax deed was legally void and offering to repay Mr. Wisen for the property taxes and fees in exchange for a quitclaim of the property back to the Plaintiffs.   Mr. Wisen refused, and has continued to seek possession of the property through the Magistrate Court proceedings without serving the O'Neals.

The Plaintiffs seek relief for deprivation of their property under color of state law without due process, in violation of 42 U.S.C. § 1983.   In addition, they allege violations of W.Va. Code §11A-3-54 and § 11A-3-55.   They seek declaratory and injunctive relief, voiding the tax deed of December 8, 2015, as well as actual damages, costs, attorney fees, and punitive damages from the Defendants in their individual capacities, for the violations.   In addition, they assert that they are "entitled to an order setting aside the December 8, 2015 tax deed issued by defendant Rollyson to defendant Wisen, pursuant to West Virginia Code §11A-4-4(a)" because the Defendants did not comply with statutory and constitutional procedure for obtaining the tax deed.   (*Id*. at ¶ 52.)

Mr. Wisen filed his motion to dismiss on November 3, 2016, and the Plaintiffs responded on November 17, 2016.   Mr. Wisen did not file a reply.

3

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it.  "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint).   Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support jurisdictional allegations.  *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists.  *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).   The Fourth Circuit has summarized the appropriate standard of review as follows:

> [W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts. And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.

*Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (finding the jurisdictional question intertwined with the substantive merits in an FTCA case, where United States argued that the employee was acting outside the scope of employment.)

## DISCUSSION

Defendant Richard Wisen moves to dismiss for lack of jurisdiction.  He points out that there is no diversity of citizenship and that the amount in controversy does not exceed $75,000. He further argues that the Court lacks subject matter jurisdiction because "[t]his is a claim to recover real property situate[d] in the Town District of Raleigh County, West Virginia."  He asserts that the state statutes and precedent involving land title require that cases be brought in the circuit court of the county where the land is located.

In response, the Plaintiffs argue that their claims pursuant to 42 U.S.C. § 1983 establish federal question jurisdiction under 28 U.S.C. § 1331.  The Plaintiffs emphasize that their allegation that the Defendants acted in concert, under color of state law, to deprive them of their property without due process, states a § 1983 claim.   They assert that the Court has supplemental jurisdiction to consider their remaining state law claims pursuant to 28 U.S.C. § 1367.

This Court has original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Mr. Wisen does not put forth any argument regarding the substantive merits of the Plaintiffs' § 1983 claim or the

availability of a remedy under § 1983 for the claims asserted.[2]   As the Plaintiffs' complaint clearly asserts a federal claim, in addition to state claims, the Court finds that it enjoys jurisdiction pursuant to 28 U.S.C. § 1331.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Memorandum in Support of Motion to Dismiss under FRCP 12(b) by Defendant, Richard Wisen* (Documents 11 & 13) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    February 28, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 The Court does not address the viability of the §1983 claim, as it has not been challenged, but treats it as well pleaded.   Numerous cases recognize that due process concerns attend tax sales of property.   *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983); *Button v. Chumney*, No. 1:13CV232, 2014 WL 2931901, at *6 (N.D.W. Va. June 27, 2014), *aff'd in part, appeal dismissed in part,* 619 F. App'x 239 (4th Cir. 2015).

6