# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

JEFFREY O'NEAL and
SHERRIE O'NEAL,

              Plaintiffs,

v.                                                   CIVIL ACTION NO.  5:16-cv-08597

RICHARD WISEN and
G. RUSSELL ROLLYSON, JR.,

              Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant G. Russell Rollyson, Jr.'s Rule 60(b) Motion Seeking Relief from an Order* (Document 70) and supporting memorandum (Document 71), as well as *Defendant G. Russell Rollyson, Jr.'s Motion to Vacate the Scheduling Order Pending Resolution of Rule 60(b) Motion and Petition for Writ of Certiorari* (Document 72). For the reasons stated herein, the Court finds that the motions should be denied.

This matter involves the sale of the Plaintiffs' property to Defendant Richard Wisen for delinquent taxes. Defendant G. Russell Rollyson, Jr. is the Deputy Commissioner of Delinquent and Nonentered Lands in West Virginia, responsible for issuing the tax deed. The facts and the parties' positions were fully explored in the Court's *Memorandum Opinion and Order* (Document 52) denying the Defendants' motions for summary judgment and granting the Plaintiffs' partial motion for summary judgment. In brief summary, the Plaintiffs owned a home, occupied by their adult daughter, and neglected to pay the 2012 property taxes. The property did not sell at an initial

tax sale, and was certified to Mr. Rollyson's office for a second sale. Mr. Wisen purchased the property for $400 at that sale.

West Virginia law places the duty to conduct a title search and identify the owners of record on the purchaser of the property. Mr. Rollyson's office then sends notice of the right to redeem the property to a list of addresses supplied by the purchaser. Although West Virginia law requires that notice be sent addressed to "occupant" at owner-occupied homes, Mr. Wisen did not include that in his list of addresses for notice, and Mr. Rollyson did not send such a notice. It is not clear whether such notice could have been sent to the physical address of the home, as neither the O'Neals nor their daughter had put out a mailbox. Mr. Wisen found the address for a post office box, and regular and certified letters addressed to Mr. and Ms. O'Neal were mailed to that address. The letters were returned to Mr. Rollyson's office as undeliverable and/or unclaimed. The factual record did not establish whether Mr. Rollyson informed Mr. Wisen that the letters were returned. Mr. Wisen testified that he was not informed that those notices were legally insufficient.

Neither Mr. Wisen nor Mr. Rollyson attempted any other form of notice of the right to redeem before Mr. Rollyson issued the deed to Mr. Wisen. After obtaining the deed, Mr. Wisen had an eviction notice served to the property and posted on the door, and negotiations between Mr. Wisen and Mr. O'Neal began.

Mr. Rollyson moved for summary judgment, arguing that West Virginia law places the duty to provide notice on the tax lien purchaser, and that he was entitled to qualified immunity. The Court found that United States Supreme Court precedent established that Constitutional due process requires additional steps, if reasonably available, when mailed notice is returned to the sender. Because Mr. Rollyson issued the tax deed despite his awareness that the notices were

returned to the sender, the Court concluded that he was not entitled to qualified immunity, and a reasonable jury could find that his actions did not comply with due process. The Court further granted partial summary judgment to the Plaintiffs as to their claim that the Defendants deprived them of their property without due process.

Mr. Rollyson filed an interlocutory appeal. On April 26, 2018, the Fourth Circuit affirmed this Court's denial of qualified immunity in an unpublished opinion. The Court found that "even assuming that the statutory scheme places the burden of ensuring constitutionally sufficient notice on the purchaser…Rollyson fails to demonstrate how his transfer of the deed to the purchaser, despite Rollyson's knowledge that the attempted notices were returned, did not violate the O'Neals' constitutional rights, clearly established in *Jones v. Flowers*, 547 U.S. 220 (2006), and *Plemons v. Gale*, 396 F.3d 569 (4th Cir. 2005). (Fourth Circuit Opinion at 4) (Document 61.)

Also on April 26, 2018, the West Virginia Supreme Court issued a decision addressing notice requirements related to tax sales of property. *Archuleta v. U.S. Liens, LLC*, 813 S.E.2d 761 (W.Va. 2018). Mr. Rollyson seeks reconsideration of this Court's prior summary judgment opinion based on *Archuleta*. In addition, Mr. Rollyson indicates that he intends to file a petition for a writ of certiorari to the United States Supreme Court, and requests that the Court stay this matter pending resolution of such a petition.

**STANDARD OF REVIEW**

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Fourth Circuit has held that, while the "catchall reason" contained in Rule 60(b)(6) "includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). The Fourth Circuit has "thus required—in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on 'just terms' and within 'a reasonable time'—that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id*. at 501. Further, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal." *Id.*

## DISCUSSION[1]

Mr. Rollyson argues that the West Virginia Supreme Court recently conclusively established that "the burden of notice is exclusively upon a tax purchaser and not the State Auditor." (Mot. at 1). He relies upon *Archuleta v. U.S. Liens, LLC*, 813 S.E.2d 761 (W.Va. 2018) for the proposition that the Auditor's duties regarding notice are limited to sending notice to the addresses directed by the purchaser. He contends that the West Virginia Supreme Court's

---

[1] The Court has ruled on this matter prior to expiration of the response period, given the approaching deadlines in this case. Given the Court's analysis and resolution, the Plaintiffs are not prejudiced by the Court's ruling without consideration of any response they may have chosen to file.

decision controls here, and the issuance of a controlling case constitutes extraordinary circumstances sufficient to justify relief pursuant to Rule 60(b).

In *Archuleta*, the state circuit court vested title in the purchaser of a tax lien, despite a challenge by the delinquent owner. Finding that the purchaser had failed to direct that notice addressed to "Occupant" be mailed to the physical address of the home in accordance with state law, the Supreme Court reversed. The court rejected the purchaser's argument that it was the State Auditor's duty to send notice addressed to "Occupant" to the property address, even absent instruction from the purchaser. The court noted that a question had been raised as to whether the property owner should have brought the State Auditor into the proceeding, but declined to address the question because it had not been fully briefed. *Archuleta*, 813 S.E.2d at 767, fn. 13. The court noted that "[o]ur cases have long made clear that the burden is exclusively upon the tax purchaser to show that the delinquency tax sales statutes have been complied with." *Id*. at 768.

The State Auditor was not a party to *Archuleta*, and the court did not address questions of due process. The court considered only whether the purchaser had complied with the statutory requirement to have notice addressed to "Occupant" mailed to the property address, and whether failure to comply with that statute required the tax deed be set aside. Here, the issue presented as to Mr. Rollyson is whether constitutional due process permits granting a tax deed despite knowledge that notices were returned and when no further steps were taken to notify the owners of record of their right to redeem. *Archuleta* does not alter the Court's opinion that due process requires more. Indeed, because the Court's conclusions are grounded in precedent from the United States Supreme Court and the Fourth Circuit Court of Appeals establishing federal Constitutional requirements for deprivation of property for tax delinquency, West Virginia

5

Supreme Court decisions are of limited weight. Accordingly, the Court finds that Mr. Rollyson's motion to set aside judgment should be denied.

Mr. Rollyson additionally requests that the Court stay all trial-related deadlines pending (a) resolution of the Rule 60 motion and (b) resolution of a forthcoming petition for writ of certiorari with the United States Supreme Court. The Court has now resolved the Rule 60 motion, and the Court finds that a stay pending resolution of a petition for a writ of certiorari is not justified under the circumstances presented.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant G. Russell Rollyson, Jr.'s Rule 60(b) Motion Seeking Relief from an Order* (Document 70) and *Defendant G. Russell Rollyson, Jr.'s Motion to Vacate the Scheduling Order Pending Resolution of Rule 60(b) Motion and Petition for Writ of Certiorari* (Document 72) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 6, 2018

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA